UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL G. SHOTTS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1049-DFH-TAB |
| | ) | |
| BOMBARDIER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

**I.   Introduction.**

Michael G. Shotts, Jr. filed this products liability action seeking damages from Bombardier, Inc., et al., the manufacturers and distributors of the Quest 500 all-terrain vehicle ("ATV"). Plaintiff contends he was riding the ATV when it overturned and caused him physical injuries. [Docket No. 1.] Defendants removed Shotts' complaint from the Marion Superior Court to this Court. [Docket No. 1.] The Court set completion of discovery for September 18, 2006 and trial for January, 2007. [Docket No. 12.]

After the parties initiated discovery, Defendants moved for leave to amend their answer. [Docket No. 25.] They seek to make various corrections and to add affirmative defenses. [Docket No. 25-3.] Defendants also moved to amend the Case Management Plan ("CMP") to allow for summary judgment motions. [Docket No. 28.] Plaintiff objects and requests Rule 11 sanctions based on the assertion that the additional defenses are frivolous. [Docket No. 32.] For the reasons below, the Court GRANTS Defendants' motion to amend the answer [Docket No.

25], DENIES Defendants' motion to modify the CMP [Docket No. 28], and DENIES the Plaintiff's request for Rule 11 sanctions [Docket No. 32].

**II.	Legal standards.**

It is well established that courts freely grant leave to amend when "justice so requires." Fed. R. Civ. P. 15(a). However, the Court may deny leave where undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility exists. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party carries the most importance. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990). Prejudice might result from delay, a substantial modification in the theory, unduly added expense or duration, or remoteness of the issues. *Id.*

However, Defendants must show good cause under Rule 16(b) before the Court considers the motion under Rule 15.[1] In applying the good cause standard, courts primarily consider the diligence of the moving party. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Keeping this in mind, Rule 15(a)'s liberal spirit allows for amendments at virtually any time during the course of litigation. *See* Wright, et al. § 1488 ("The policy of allowing amendments to be made at any time during the litigation is sound.")

Rule 11 enables courts to impose sanctions on parties who violate its provisions. Fed. R. Civ. P. 11(c). Rule 11 imposes a duty on attorneys to inquire reasonably into any court paper's

---

[1]Defendants filed their motion for leave to amend after the CMP's deadline for amendments. Authority exists for applying Rule 6(b)'s excusable neglect standard to an untimely request to change a court-ordered schedule. *See Brosted v. Unum Life Insurance Company of America*, 421 F.3d 459 (7th Cir. 2005) (applying excusable neglect in upholding district court's denial of discovery extension); *Roach v. Pedigo Holdings, Inc.,* 2005 WL 2253590, at *1 (S.D.Ind. 2005) (applying same standard). Nevertheless, the Court utilizes the good cause standard here because neither side has raised Rule 6(b)'s standard.

viability before signing it. *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 751 (7th Cir. 1988). One unmeritorious argument or sub-argument does not violate the rule, but if the pleading, motion, or other paper itself is frivolous, sanctions might be appropriate. *Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1433 (7th Cir. 1987) (*quoting Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F. 2d 1531 (9th Cir. 1986)). Additionally, only when the argued position is groundless does it violate Rule 11. *Cuna Mut. Ins. Soc'y v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006); 5A Wright, Miller, & Kane § 1336.

**III.     Discussion.**

**A.     Defendants' motion to amend.**

Defendants' motion to amend their answer includes several clarifications regarding the naming of corporate entities and adds four affirmative defenses. [Docket No. 25-3.] The defenses added include compliance with all applicable legal standards; federal preemption based on Defendants' compliance with a 1988 Consent Decree between certain ATV manufacturers and the United States Consumer Products Safety Commission; denial of any duty to participants in this arguably inherently risky activity; and alteration of the product after it left Defendants' control but before the accident. *Id.* Plaintiff asserts the changes in the motion are frivolous and untimely. [Docket No. 32.] Plaintiff argues that no new information has come to light that supports leave to amend. However, Defendants' additional defenses and clarifications are adequate to show good cause to allow the proposed changes to their answer. In addition Plaintiff does not provide anything that suggests undue prejudice in the amendment but only asserts that denying the proposed changes would "minimize the amount of time that will need to be

expended in the future." [Docket No. 32.] In light of the Court's denial of Defendants' motion to allow dispositive motions discussed below, the amendment itself is not unduly prejudicial, although admittedly this is a close call. Accordingly, the Court GRANTS Defendants' motion for leave to amend their answer. Defendants' amended answer is deemed filed as of the date of this entry.

**B.     The amendment to the CMP**.

Defendants seek to amend the CMP to allow for dispositive motions and propose August 18, 2006 as the deadline for such motions. Plaintiff suggests that Defendants' reasons for delaying their request for summary judgment are "suspect at a minimum." [Docket No. 32.] Plaintiff's argument that the timing is prejudicial is well-taken here. Allowing dispositive motions at this point in the litigation would jeopardize the trial schedule and, with only three months left to complete discovery, prejudice the Plaintiff. Defendants agreed at the outset of this case that they anticipated no dispositive motions. While the Court has narrowly permitted Defendants to amend their answer, the Court will not agree to throw the entire case management schedule into disarray by permitting dispositive motions at so late a date. Thus, the Court DENIES Defendants' motion to amend the CMP deadline.

**C.     Rule 11 sanctions**.

Finally, Plaintiff requests sanctions against Defendants under Rule 11 in the form of attorneys fees[2] [Docket No. 32] based on the asserted futility of Defendants' arguments. The

---

[2]Rule 11 requires that a motion for sanctions "shall be made separately from other motions or requests." Fed. R. Civ. P. 11(c)(1)(A). Although Plaintiff did not comply with this rule, the Court has entertained the request because of its direct relationship to the amendment and modification themselves.

Court has granted Defendants leave to amend the answer. The fact that Defendants tried, unsuccessfully, to amend the CMP to permit dispositive motions is far from sanctionable. Accordingly, the Court DENIES Plaintiff's Rule 11 motion for sanctions.

**IV.     Conclusion.**

For the above-stated reasons, the Court GRANTS Defendants' motion to amend the answer [Docket No. 25], DENIES Defendants' motion to modify the CMP [Docket No. 28], and DENIES the Plaintiff's request for Rule 11 sanctions [Docket No. 32].

Dated: 06/08/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies:

Joe Bednarz Sr.
BEDNARZ & BEDNARZ
tina@bednarzlaw.com

Eric L. Kirschner
BECKMAN, KELLY & SMITH
ekirschner@bkslegal.com

William O. Martin Jr.
HAIGHT BROWN & BONESTEEL
wmartin@hbblaw.com

Matthew W. Melton
NORRIS CHOPLIN & SCHROEDER LLP
mmelton@ncs-law.com

Julie R. Murzyn
BECKMAN, KELLY & SMITH
jmurzyn@bkslegal.com

Peter A. Schroeder
NORRIS CHOPLIN & SCHROEDER LLP
pschroeder@ncs-law.com