UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL G. SHOTTS, JR.,                ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.             ) | |
| ) | CASE NO. 1:05-cv-1049-DFH-TAB |
| BOMBARDIER INC., BOMBARDIER          ) | |
| MOTOR CORPORATION OF AMERICA, ) | |
| and BRP US INC.,                  ) | |
| ) | |
| Defendants.        ) | |

ENTRY ON FINAL PRETRIAL CONFERENCE
AND SCHEDULING ORDER

The court conferred with counsel for all parties on Friday, January 12, 2007 and addressed the following matters:

1. *Jury Matters*: The court will seek to seat a jury of up to 9 members. Each side will have up to 10 minutes to question prospective jurors after the court has completed its questions, and each side will have the usual three peremptory challenges. One matter that was not addressed specifically in the conference is that the court intends to give jurors the opportunity to submit written questions to a witness after all counsel have completed their questions to the witness, consistent with the experimental program conducted under the aegis of the Seventh Circuit Bar Association in 2006. The court's preliminary instructions to the jury will spell out the procedure in more detail. Counsel will have

opportunities (a) to object to any question outside the hearing of the jury at a sidebar, and (b) to follow up on matters addressed by a juror's question.

2.  *Opening Statements*:  Each side will have up to 45 minutes for an opening statement.  Any demonstrative exhibits or visual displays used in opening statements shall be shared with opposing counsel in advance so that any objections may be resolved without delaying the jury.

3.  *Plaintiff's Motions in Limine*:  Plaintiff's motion *in limine* is denied with respect to reference to any payment plaintiff may have made to Haspin Acres, and any waiver and assumption of risk he may have signed before entering Haspin Acres property with his all-terrain vehicle.  The evidence is likely to be relevant to plaintiff's knowledge of the risks and riding conditions present at Haspin Acres.

Plaintiff's motion *in limine* is denied with respect to the video of defendants' expert, Dr. J. Paul Frantz, climbing the slope where the incident occurred.  If plaintiffs believe Dr. Frantz was exaggerating the steepness and difficulty of the slope, they will have an opportunity to show that through cross-examination, and as discussed below, the jury will visit the scene.

Plaintiff's motion *in limine* is denied with respect to testimony from defendants' witnesses regarding "open and obvious" risks.  These matters are

likely to be relevant to the human factors issues relevant to the need for and adequacy of warnings.

The court is keeping under advisement plaintiff's motion *in limine* with respect to defendant's use of the 1988 Consumer Products Safety Commission Consent Decree, the 1999 voluntary extension of that consent decree by the all-terrain vehicle manufacturers, and defendants' voluntary compliance with that agreement. The court will also keep under advisement plaintiff's motion *in limine* with respect to the admissibility of data from the Consumer Product Safety Commission regarding all-terrain vehicle injuries, pending a more specific offer of proof from defendants (as well as an appropriate reply from plaintiff).

Plaintiff's motion *in limine* is granted without objection on the other subjects: any reference in his medical records to past recreational drug use, and any reference to possible collateral sources of payment. Such matters shall not be addressed in the presence of the jury without first obtaining leave from court to do so.

4.  *Defendants' Motions in Limine*: Defendants' motion *in limine* is denied with respect to lay testimony concerning what plaintiff would have done if a Polaris-type warning label about towing from the cargo rack had been present on defendants' product. Such testimony is relevant to establishing whether the failure to warn was a proximate cause of his injury.

-3-

Defendants' motion *in limine* is denied with respect to any reference to defendant's "jimmy bar" device. The evidence is relevant to defendants' misuse defense and the foreseeability of using the vehicle to tow another ATV.

Defendants' motion *in limine* is denied with respect to any reference to the article by defense expert Dr. Frantz titled "Revisions of Labeling for Personal Watercraft: Part 1 – Label Department."

Defendants' motion *in limine* is denied with respect to cumulative expert testimony. To avoid undue repetition, the court expects to limit plaintiff to four total hours for direct testimony from Dr. Edward Karnes and William Kitzes.

Defendants' motion *in limine* is denied with respect to their request to bifurcate the trial between issues of liability and damages.

Defendants' motion *in limine* is denied with respect to any reference by plaintiff to his tendency to read warning labels. To the extent that this testimony is evidence of habit, it is admissible. However defendants remain free to object to character evidence barred by Rule 404 of the Federal Rules of Evidence.

Defendants' motion *in limine* is granted with respect to: (a) warning labels found on all-terrain vehicles manufactured after 2002, the year defendant manufactured the all-terrain vehicle involved in this accident; (b) articles or

documents published after 2002 discussing towing or all-terrain vehicles flipping over; (c) Polaris's warning in its 2002 and 2003 manuals regarding operating all-terrain vehicles on a hill steeper than 25 degrees; (d) the Health and Safety Executive (HSE) article entitled, "Safe use of all-terrain vehicles (ATVs) in agriculture and forestry"; (e) any reference to prior testimony by defendants' expert Kevin Breen regarding the safety of all-terrain vehicles for children as well as his testimony regarding three-wheeled all-terrain vehicles. Such matters shall not be mentioned in the presence of the jury without first obtaining leave from the court to do so. The prior Breen testimony will be available for impeachment purposes, but if plaintiff believes he has impeaching material from those cases dealing with children under age 16 and three-wheeled ATVs, counsel shall first address the issue at a sidebar conference.

Defendants' motion *in limine* to have the jury view the scene of the accident is granted. Defendants will make arrangements for travel at their expense. Jurors will not be informed about the expense arrangements. The court will inform the jurors of the trip during jury selection and will advise the jury that the trip was the court's decision.

The court is keeping under advisement defendants' motion *in limine* to exclude reference to farm tractors or agricultural equipment.

4.      *Plaintiff's Daubert Motion*:  Plaintiff's *Daubert* motion is denied except in regard to testimony by defendants' expert witnesses Kevin Breen and J. Paul Frantz relating to data from the Consumer Product Safety Commission regarding all-terrain vehicle accidents.  The court is keeping that issue under advisement and awaits further submissions from parties.

5.      *Defendants' Daubert Motion*:  Defendants' *Daubert* motion is denied in regard to testimony by plaintiff's expert witness Wade Bartlett concerning the effect of attaching a tow strap to the trailer hitch.

The court is keeping under advisement defendants' *Daubert* motion regarding the expert testimony of Edward Karnes, William Kitzes, and Wade Bartlett on the issue of causation, and defendants' *Daubert* motion regarding expert testimony by William Kitzes concerning defendants' safety program.

6.      *Exhibits*:  Counsel shall confer on whether they wish to prepare exhibit notebooks for each juror.

7.      *Witnesses*:  Parties shall submit to the court marked transcripts of witness depositions with designated testimony and objections.

8.      *Timing*:  Plaintiff estimates his case-in-chief will run up to four days. Defendants estimates their case-in-chief will last approximately four days as well.

8.     *Scheduling Conflict*: The court informed counsel of a potential schedule conflict.  As agreed, the court advised counsel on Tuesday, January 16, 2007, that another case set for trial had not settled and would preempt the scheduled January 22, 2007 trial date.  Accordingly, the trial set for January 22, 2007 in this case is hereby VACATED.  After conferring with counsel for all parties on January 18, 2007, the court takes the following steps: The jury trial in this matter is continued to **Friday, May 4, 2007** for jury selection, to resume on **Wednesday, May 9, 2007**.  The court will hold a conference call at **12:00 noon on Friday, April 20, 2007** (Indianapolis time), at which point counsel shall advise the court whether their present conflicts for the May trial date have been cleared.  If the May trial date will not work, the case will be tried beginning **Monday, August 20, 2007, at 9:00 a.m.**

So ordered.

Date: January 19, 2007

*(signature)*
_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Joe Bednarz, Sr.
BEDNARZ & BEDNARZ
tina@bednarzlaw.com

Eric L. Kirschner
BECKMAN, KELLY & SMITH
ekirschner@bkslegal.com

R. Bryan Martin
HAIGHT BROWN & BONESTEEL, LLP
6080 Center Drive
Suite 800
Los Angeles, CA 90045

William O. Martin Jr.
HAIGHT BROWN & BONESTEEL
wmartin@hbblaw.com

Matthew W. Melton
NORRIS CHOPLIN & SCHROEDER LLP
mmelton@ncs-law.com

Julie R. Murzyn
BECKMAN KELLY & SMITH
jmurzyn@bkslegal.com

Peter A. Schroeder
NORRIS CHOPLIN & SCHROEDER LLP
pschroeder@ncs-law.com