UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL G. SHOTTS, JR., <br><br> Plaintiff, <br><br> v. <br><br> BOMBARDIER INC., BOMBARDIER MOTOR CORPORATION OF AMERICA, and BRP US INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:05-cv-1049-DFH-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ENTRY ON MOTION FOR NEW TRIAL

Plaintiff Michael Shotts was paralyzed permanently when the all-terrain vehicle (ATV) he was driving flipped over backwards on him and fractured his spine. Shotts was attempting to use the ATV to tow a smaller ATV up a steep slope from the bottom of the ravine where the other ATV had become stuck. Shotts did not attach the tow strap to the low towing hitch on his ATV, but attached the strap instead to the higher luggage rack, making an already difficult maneuver even more difficult and dangerous.

Shotts sued the manufacturer of the ATV, Bombardier, Inc., claiming that the ATV was defective because it lacked a label on the luggage rack warning against towing from the luggage rack. At the conclusion of the trial, the jury returned a verdict finding: (1) that the Bombardier ATV was defective and that the

defect was a proximate cause of the accident; (2) that Shotts was also at fault and that his fault was also a proximate cause of the accident; and (3) that Shotts was 68 percent at fault while Bombardier was 32 percent at fault. Under Indiana's comparative fault statute, the finding that Shotts was more than 50 percent at fault required entry of judgment in favor of the defense. See Ind. Code § 34-51-2-6.

Shotts has filed a motion for a new trial. His principal argument is that the jury verdict was inherently inconsistent. He contends that the jury finding that the Bombardier ATV was defective and a proximate cause of the accident necessarily conflicts with the jury's additional finding that he was more than 50 percent at fault for the accident.

Where a jury has rendered truly inconsistent verdicts in a civil case, the inconsistency may support a decision to grant a new trial. See *ABM Marketing, Inc. v. Zanasi Fratelli, S.R.L.*, 353 F.3d 541, 543 (7th Cir. 2003), citing *Turyna v. Martam Const. Co.*, 83 F.3d 178, 181 (7th Cir. 1996).[1] When a party seeks a new trial on the theory of inconsistent verdicts, however, the court must interpret the verdicts so as to avoid inconsistency if possible. See *Freeman v. Chicago Park*

---

[1] By contrast, inconsistent verdicts in a criminal case do not necessarily require a new trial, for it has long been recognized that juries may convict on one count and acquit on another as a form of compromise. See *United States v. Powell*, 469 U.S. 57, 64-65, 69 (1984).

*Dist.*, 189 F.3d 613, 615 (7th Cir. 1999) (affirming denial of new trial); see also *Deloughery v. City of Chicago*, 422 F.3d 611, 617-18 (7th Cir. 2005) (same).

There is no irreconcilable inconsistency in the verdict in this case. Instead, the jury did what it was supposed to do under the court's instructions: decide first on plaintiff's theory of defect, and then, if it found a defect, consider the defendant's affirmative defense of comparative fault. The court instructed the jury that the accident could have more than one proximate cause. The jury found that this accident had at least two, one for which Bombardier was at fault, and at least one other for which Shotts was at fault. There is no inconsistency in those findings.

Shotts reasons that the jury's finding of defect means that the jury necessarily found that if the Bombardier ATV had had a warning label on the luggage rack (as one competitor's ATVs did at the time), then Shotts would have read that warning and would have heeded it, so that the injury and accident would not have occurred. The court agrees that those subsidiary findings are inherent in the jury's finding of defect, under the court's instructions on the issue of proximate cause. But the basic flaw in plaintiff's argument is that it conflicts with the well-established principle of law that an event or accident may have more than one proximate cause. See *Walton v. Jennings Community Hospital, Inc.*, 999 F.2d 277, 282 (7th Cir. 1993); *Funston v. School Town of Munster*, 849 N.E.2d

595, 600 (Ind. 2006). In relevant part, the court instructed the jury on the element of proximate cause that plaintiff was required to prove:

> An act or omission is a "proximate cause" of an injury if both (a) the injury would not have occurred if the defendant had acted differently, and (b) the injury was a natural and probable consequence of the defendant's act or omission.
>
> This does not mean that the law recognizes only one proximate cause of an injury or damage. In some circumstances, many causes may operate at the same time, either independently or together, to cause injury or damage. In that case, each may be a proximate cause.

Court Final Instruction 17.

The court told the jury that the same definition applied to the proximate cause element of Bombardier's affirmative defense that plaintiff himself was at least partially at fault for the accident. See Court Final Inst. No. 19. In other words, Bombardier was required to prove, and the jury found, that plaintiff's own fault was a proximate cause of the accident and injury. Plaintiff did not object to the portions of these instructions relevant to this point.

Bombardier offered ample evidence from which the jury could reasonably find that plaintiff was at fault and that his fault was a proximate cause of the accident. The jury could reasonably have found one or more of the following:

> Plaintiff was at fault for having failed to read either the owner's manual or the label on the ATV itself warning against towing on hills or rough terrain.

>    Plaintiff was at fault for having attempted, with very little experience or skill with ATVs, an exceptionally difficult tow on a very steep slope, especially from a dead stop.
>
>    Plaintiff was at fault for having tried to tow from the luggage rack even without a warning; he should have known not to tow from that high point when the ATV had a proper tow hitch, and if he had stopped to take the time to figure out how best to solve the problem of the stuck ATV, he would have realized that.
>
>    Plaintiff was at fault for having failed to consider alternatives to attempting to tow the other ATV straight up the hill.  (With the benefit of hindsight and the jury's site visit, it appears that it would have been easier and much safer to drive or tow the stuck ATV along the bottom of the ravine to a much less steep exit route.)

The jury could reasonably have found that one or more of these factors reflected not only negligence on the part of plaintiff but also that his negligence was a proximate cause of the accident:  *i.e.*, the accident would not have occurred if he had acted differently, and the accident was a natural and probable consequence of his negligence.

Moreover, plaintiff's evidence of Bombardier's fault was not so compelling as to require the jury to allocate all or even half of the fault to Bombardier. Plaintiff offered no evidence of any comparable accidents involving ATVs made by Bombardier or any other manufacturer.  Only one of the seven major ATV manufacturers (Polaris) placed a warning on a luggage rack warning against towing from it.  The Bombardier actually had a tow hitch, which would seem to be the natural point for attaching a tow strap.  Perhaps most telling, when plaintiff's expert witness had worked as a consultant on product safety and

warning labels for another ATV manufacturer at the relevant time, he had not advised that manufacturer to place on the luggage rack the same label that the same expert now claims Bombardier negligently failed to put on its product.

The premise of plaintiff's motion for a new trial is that the finding of defect, with its implicit finding of proximate cause, necessarily conflicts with a conclusion that his own fault was also a proximate cause of the accident. That theory is simply inconsistent with the whole concept of comparative fault. Under the jury's verdict, both parties could have prevented this accident; each was at fault and the fault of each was a proximate cause of the accident. Proximate cause is an essential element of fault of both the plaintiff's claim and the defendant's affirmative defense. The jury's verdict was not inconsistent, and there is no need for a new trial on this basis.

Plaintiff also suggests that the court should grant a new trial because of the problem the jury had in returning its verdict. When the jury returned its verdict, it answered first that the Bombardier ATV was defective, second that plaintiff Shotts was *not* at fault, and third that Bombardier's fault was 32 percent and Shotts' fault was 68 percent. There was a very clear inconsistency between the second and third answers. The court immediately recognized the inconsistency and instructed the jury to resume their deliberations. The jury retired to the jury room and very quickly filled out a new verdict form. The new verdict changed the answer to Question 2 and found that Shotts was at fault for the accident. The

answers to Questions 1 and 3 remained the same, and the result was a finding that plaintiff's fault exceeded 50 percent so that Bombardier was entitled to judgment in its favor.  Upon polling, all members of the jury agreed with that verdict.  It is apparent that the foreman of the jury simply made a clerical error when checking yes or no in response to Question 2 on the first form, and he quickly corrected the error with the agreement of all jurors.  That is why courts poll juries.  The foreman's initial error in filling out the verdict form does not require a new trial.

Finally, in a footnote, plaintiff suggested that he might be entitled to a new trial because of an incident involving one juror.  The juror had sent a note asking to be excused from jury duty because he had heard from his wife that her mother had taken a turn for the worse in the hospital, and he said it would be difficult to keep his mind on the verdict.  After conferring with counsel for both sides, the court met briefly with the juror, who returned to deliberate, and the court then made a brief statement about the incident on the record.  The juror told the court that he wanted to continue deliberating, but that he was concerned about what would happen if the deliberations lasted into the evening or the next day.  The court advised the juror that the schedule of deliberations would be up to the jury itself, if the jury wished to continue deliberating into the evening or recess until the next day.  The court also advised the juror that if deliberations continued to the next day and he had to call in and say that he could not return, "so be it," and

that the court would respect his judgment about his family needs. The juror decided to continue deliberating at that point.

This incident occurred in mid-afternoon. Shortly after this communication about these matters, the jury returned its verdict. There does not appear to have been any misconduct on the part of the juror, and there is no reason to speculate that this incident affected the verdict. The parties were informed about the situation, and there was no objection to the court's handling of the situation until plaintiff filed his motion for a new trial. This incident does not warrant a new trial.

Plaintiff has moved for an oral argument on his motion for a new trial. The court does not see a need for such an argument, which would require counsel to travel from Tennessee and California. The proper resolution of the motion is clear from the able briefing on both sides. For the foregoing reasons, plaintiff's motion for a new trial is hereby denied, as is his motion for an oral argument on the motion.

So ordered.

Date: November 6, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Joe Bednarz Sr.
BEDNARZ & BEDNARZ
tina@bednarzlaw.com

Eric L. Kirschner
BECKMAN, KELLY & SMITH
ekirschner@bkslegal.com

R. Bryan Martin
HAIGHT BROWN & BONESTEEL, LLP
6080 Center Drive
Suite 800
Los Angeles, CA 90045

William O. Martin Jr.
HAIGHT BROWN & BONESTEEL
wmartin@hbblaw.com

Matthew W. Melton
NORRIS CHOPLIN & SCHROEDER LLP
mmelton@ncs-law.com

Julie R. Murzyn
BECKMAN KELLY & SMITH
jmurzyn@bkslegal.com

Peter A. Schroeder
NORRIS CHOPLIN & SCHROEDER LLP
pschroeder@ncs-law.com